Livingston, J.
delivered the opinion of the court. The defendant has been indicted, and convicted, for obstructing a public highway in the city of Hudson.
He was keeper of a gate under the Columbia turnpike *243 road company, and the gate he attends is erected 8 chains and 15 links from the house of John Van Hoesen. This gate has been set up under that part of one of the laws incorporating this company, which declares (Laws N. Y. v. 2, p. 402.) “ that the most westerly gate on said road shall be erected near the dwelling-house of John Van Hoesen and it is submitted to us to say, whether it has been placed conformably to these directions; if that should be our opinion, a not pros, is to be entered on the indictment.
It is not denied by the public prosecutor, that this gate is near Van Hoesen’s house ; but because it is not as near as it might be, and intercepts those who travel a certain road leading from Poughkeepsie to Kinderhook, and which crosses the turnpike'at this place, "he insists the gate should be removed, so as to occasion no interruption of this kind.
Whether this circumstance exists, or not, is foreign from our inquiry. The legislature, under a full knowledge of the different roads in that part of the country, have authorized the erection of a gate near this house, and have thereby invested a discretion in the company, which, it must have been expected and intended, would be exercised for their benefit. So long, therefore, as this gate be near to Van Hoesen’s house, which is conceded to be the case,
*we have no righ|to interfere, by saying that this [*181] discretion has been abused, or that the company have obstructed the highway leading from the south to the north: this would be the same as to say, that they shall not do what the legislature have given them permission to do. Our opinion, therefore, is, that this gate was erected pursuant to law, and the present prosecution cannot be supported. [1]

 See Farmers Turnpike v. Coventry, 10 J. R 389.